COVINGTON, Judge:
This is a subrogation suit for property damage incurred on August 20, 1974, by E-Z Serve, Inc., owner, when a delivery truck owned by White Auto Store of Plaquemine, Inc., appellant, and driven by one of its employees in the course and scope of his employment, hit the aluminum canopy which covered two self-service gasoline pumps at owner’s service station. The trial court gave judgment to plaintiff (Travelers) in the amount of $800.00, from which appellant suspensively appealed. We affirm.
*535 The canopy involved was constructed by erecting steel pipes, attaching aluminum I-beams to them and then affixing the aluminum roofing material on top. It had a clearance of ten feet. When Roger C. Lau-ney, appellant’s employee, pulled in to get some gasoline, his truck was too high for the canopy’s height and damage resulted.
The owner got Austin Electric Corporation to do the repairs and paid it $1,050.00; admittedly, $50.00 thereof was to increase the canopy’s height to 12 feet. Travelers reimbursed the owner and obtained a subro-gation receipt.
On appeal, the alleged errors enumerated by appellant are two-fold: that Launey was not guilty of any negligence proximately causing the damage, and (2) that the amount of the judgment was excessive in view of the evidence.
Appellant contends, in its brief, that there was no evidence presented or testimony elicited that would in anyway or manner establish even the slightest act of negligence on the part of the driver-employee. Travelers contends that defendant’s driver-employee was negligent in failing to keep a proper lookout.
Launey testified on direct examination as follows:
“Q. Were you paying attention to the pumps ahead of you, the road ahead of you?
A. Right, I was watching.
Q. How do you explain that you hit this canopy?
A. The truck was just taller and — well, not the truck was taller, the canopy was just lower than what it seemed to be.”
Surely he could have seen, with proper inspection or lookout, that his vehicle was too high to proceed under the canopy. The trial judge had ample testimony to reach his conclusion that Launey was negligent, and such finding will not be disturbed when the record, as here, supports such finding.
The next specification of error complained of was that the judgment was excessive and not justified by the facts and testimony established at the trial. Apparently, the appellant alludes to the testimony of Katherine Elizabeth Crowson, who testified that the canopy had been hit or scraped at least twice prior to the incident giving rise to this litigation. The appellant’s argument is to the effect that some damages were surely sustained as a result of the prior collisions with the same canopy. However, Crowson testified that the only visible damages resulted from the incident involving the appellant’s truck. Further, Mr. Austin, who did the repair work, testified that it was damaged only on one corner and that the only manner in which there could have been some damage existing prior to this incident would have been if they had all hit in the same place, which “. would be kind of odd to me . .
The trial judge stated, in his oral reasons for judgment, at the conclusion of the trial:
“We don’t know how much damage the canopy had sustained by prior bumps, that the testimony appears to be that the particular structure is such that damage to one corner of it tears up screws and screw holes and locking joints all over the whole thing, indicating that it is not as— the material is not as strong as perhaps other structures may have been made of, but we don’t know what damage there was prior to this accident and no effort was made to find out what it was. And that leaves the Court with the position of having to arrive at a damage figure without certain and specific evidence and under those conditions, as I understand it, it’s the obligation of the Court to attempt to reach a figure of damages based on all of the testimony and all the evidence that was presented.”
The trial judge did not have a formula by which he could measure these damages with exactitude, but we feel that he is well within the range of discretion allowed trial courts; LSA-C.C. art. 1934(3).
Travelers neither appealed nor answered the appeal, so we cannot increase the award.
*536 We find no manifest error and, finding none, we hereby affirm the judgment of the trial court, at the appellant’s cost.
AFFIRMED.